IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| GREG KENNEDY, JANET KENNEDY,[1]<br><br>        Plaintiffs,<br><br>vs.<br><br>PETER HART, IOWA JUDGES OF THE THIRD DISTRICT, THOMAS VILSACK, SAM PERKINS<br><br>        Defendants. | No. C06-3035-EJM<br><br>INITIAL REVIEW ORDER |

      This matter is before the court on Greg Kennedy's Application to Proceed in Forma Pauperis, filed May 26, 2006, and on his complaint brought pursuant to 42 USC §1983. Additionally, on June 13, 2006, Greg Kennedy submitted a supplemental complaint or an application for a writ of habeas corpus pursuant to 28 USC §2254 on behalf of Janet Kennedy. On May 26, 2006 and June 13, 2006, Greg Kennedy also submitted documents which are related to criminal proceedings commenced in the Iowa District Court in and for Palo Alto County. Application to Proceed in Forma Pauperis granted in accordance herewith. Dismissed.

      A court may permit a party to proceed with litigation in forma pauperis, that is, "without prepayment of fees or security therefor," if the party submits an affidavit that

---

[1] The court notes that only Greg Kennedy signed the documents submitted to this court. Janet Kennedy's failure to sign the documents does not comply with the Federal Rules of Civil Procedure or the Local Rules. *See* FRCP 11 (regarding signing of pleadings); LR 11.1 (same). Greg Kennedy is unable to sign documents on behalf of Janet Kennedy.

shows the inability "to pay such fees or give security therefor." 28 USC §1915(a)(1).[2] Like an inmate at a prison, a party from the general public may not be able to make full payment at a particular time but may have the ability to pay over a period of time. Upon review, the court is satisfied that plaintiff's allegation of poverty is true. Although the granting of in forma pauperis status is appropriate in this case, the court finds that requiring Greg Kennedy to submit partial payments or installment payments of the filing fee is permissible and desirable. Greg Kennedy shall submit to the Clerk of Court monthly payments of $10.00 until the $350.00 filing fee is paid in full. *Cf.* 28 USC §1915(b)(2), *see also* 28 USC §1914(a) (requiring $350.00 filing fee).

In this 42 USC §1983 action, the plain language of the complaint, supplemental complaint or application for a writ of habeas corpus and other documents demonstrates that Greg Kennedy is challenging the validity of criminal proceedings that have been commenced against him. Greg Kennedy also references a state case number. From his statements and reference, it appears Greg Kennedy is dissatisfied with being involved in a state criminal case, that is, *State v. Kennedy*, FECR003959 (Palo Alto County Dist. Ct. 200_).[3] As relief, Greg Kennedy, among other things, asks the court to bar the state from trying him. In addition, he asks that the court intervene and prevent the state from using Janet Kennedy as a material witness. The relief sought by Greg Kennedy is not available in a 42 USC §1983 action.[4] Thus, Greg Kennedy's claim under 42 USC §1983 shall be dismissed.

---

[2] Although 28 USC §1915(a) refers to prisoners, it is appropriate for the court to review Greg Kennedy's application to proceed in forma pauperis under 28 USC §1915(a)(1) because this subsection has been applied by courts in their review of applications of non-prisoners as well as prisoners.

[3] Iowa state court criminal and civil records may be accessed at the following address: www.judicial.state.ia.us/online_records/. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

[4] To the extent he seeks damages for an unlawful conviction, a 42 USC §1983 cause of action does not arise until "the conviction or sentence has been reversed on direct appeal,

(continued…)

2

Construing the action as an application for habeas corpus relief under 28 USC §2254, the plaintiffs' claim shall be dismissed for failure to meet the exhaustion requirements of 28 USC §2254(b)(1).

For the foregoing reasons, this action shall be dismissed because it fails to state a claim upon which relief can be granted. 28 USC §1915A(b)(1); *see also* 28 USC §1915(e).

It is therefore

ORDERED:

1) Greg Kennedy's application to proceed in forma pauperis is granted.

2) The Clerk of Court is directed to file the complaint without the prepayment of the filing fee.

3) Greg Kennedy is directed to submit to the Clerk of Court monthly payments of $10.00 until the $350.00 filing fee is paid in full.

4) The plaintiffs' complaints are dismissed.

August 8, 2006.

_Edward J. McManus_
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT

---

(...continued)
expunged by executive order, declared invalid by an authorized state tribunal . . ., or called into question by the issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).